Good morning, Your Honors. May it please the Court, I'd like to try to reserve four minutes for rebuttal. I'd like to focus first on the issue of the defective indictment and then move on to the multiple conviction enhancement, if that suits Your Honors. The indictment is fatally defective as to the production count because it fails to allege the material element of specific intent, namely Mr. Devore's belief that the person named Mystery is a minor, that he believed that she was a minor. While the completed crime under 18 U.S.C. 2551 is a strict liability crime, the attempt crime under Johnson is held to be a separate crime, one that has separate elements and each element of which must be addressed in the indictment and found by the grand jury. The belief that Mystery was a minor was not contained in the indictment. The grand jury did not find it and, in fact, the government did not proceed on the attempt theory until shortly before fact-finding. So we have no way to know what the grand jury believed or found regarding Mr. Devore's mens rea on the attempt crime. The indictment says Mr. Devore did knowingly employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct. It says nothing about his belief that she was a minor. Mr. Devore argued this in district court well before the fact-finding, so the issue was properly preserved at that time. Our Supreme Court has held since at least 1888 that all the material facts and circumstances in the definition of the offense must be stated or the indictment will be defective. I've put all of that case law in my opening brief and won't repeat it there. The government argues that Mr. Devore's contention regarding the belief element should be rejected because the language of the indictment tracks the language of the statute. But U.S. v. Keith rejected the same argument, saying at page 464, an indictment is inadequate when it fails to allege an essential element of the offense, even when it tracks the language of the statute. So I think it's pretty clear that we need that element in the indictment, and without it, it's defective. It makes sense on a common-sense level that we would need that element in the attempt version of the crime and not the completed version of the crime, as the case, the relatively recent case of Jaya Varman, explained in a bit more detail when the defendant or appellant is in personal contact with the victim. The defendant has all the information he or she needs in order to ascertain whether the victim is a minor or not. The personal contact should do it. But when there is no personal contact, then it's necessary to examine the basis, the factual basis for the defendant's belief that the victim is a minor, and that becomes a real issue. That's why it's so important that it be put in the indictment, and Jaya Varman gives a pretty good explanation of that and looks back to excitement video for that reasoning. The district court relied on Elk Booth, which is a Montana district court case, and Elk Booth said that the attempt language necessarily includes the mens rea of the intent component of committing the crime there in Elk Booth that was aggravated sexual abuse. But the Montana court did qualify its decision by noting that it was using a plain error. Yes, Your Honor. Your time is, you're really clicking down, and you said you were going to reach the other one. Want me to go there now? Well, you're the one who wanted to reserve four minutes. I'm almost done. Thank you. That's very thoughtful, Your Honor. So Elk Booth is under a plain error standard? No, no. The sentencing issue. Yes. Are you going to address the sentencing issue? Yes, I am. I'll turn to that now. So the crux of our argument is that Mr. DeVore believes we should look at Mullooly and Reinhart, not Sullivan. Reinhart very recently has followed Mullooly and said that relating to should not take us out of using the strict categorical approach when looking at those priors for the sentencing enhancement. Justice Ginsburg wrote some very specific language in Mullooly about how relating to can broaden us into, although she didn't say, into vagueness, where you're saying anything relating to sexual and an exploitation of a child, I believe in the government's brief they say basically anything sexual a child doesn't want to do, that could also be sexual abuse, which is contained in the 25-year enhancement. We have sexual exploitation in the 35-year enhancement. These are different terms. But when you look at it through this long-range lens of relating to, those can become completely commingled. You can't really tell the difference because we're just saying anything sexual a child with a child. Now, we just had a recent memorandum disposition by another panel. Clark. Clark. Yes. It seemed to be, it's not precedent for us, but, you know, one of our panel, one of our, two of our colleagues and a visiting judge said, rejected your argument. Yes. I read that. What do you say? What do you think is going on? Well, I didn't have a way to obtain the briefing in Clark, so I don't know if Clark mentioned if Malouly was adequately briefed to the court. I note two things about that. Clark is an extremely cursory decision. Well, it's a mem dispo. It is. I'm not saying you should write longer memorandum dispos, but Clark does not mention Malouly. It doesn't analyze it. It mentions Reinhart. Yes, it does mention Reinhart, but Malouly is really the governing word on this issue. And Reinhart goes back to Malouy. It does. But given the curtailed nature of the analysis in Clark, I think that it doesn't supersede Reinhart. I'll save the rest of my time, if that's all right. Thank you. That's fine. Good morning, Your Honors, and may it please the Court. Teal Miller on behalf of the United States. With respect to the indictment, I think the Supreme Court's decision in Resendez-Ponce is a complete answer to that charge. Use of the word attempt puts the defendant on notice that he's charged with an attempt, which is a specific intent crime. With respect to the multiple convictions enhancement in this case, I think Clark is a complete answer. It's not precedential, but it's persuasive. It had Reinhart in front of it. There was a 28-J letter filed that discussed it at length, and Malouly was briefed. I've reviewed the briefing in Clark. I think it draws a distinction. It acknowledges Reinhart and says Reinhart is really about a situation where you have a term that is defined in the code, in that chapter of the code. We will apply it to mean that. Let me ask. So, you know, when you get to 1151, why doesn't, you know, there's no heading under, is it, I guess, 2251, is it? 2251. I'm sorry, 2251. 2251 says sexual exploitation, right? Yes, it does. Why doesn't that provide, it may not be in the definitional section 2256, but why doesn't that, you know, if you want to know what constitutes sexual exploitation of a children, you look at subdivision A and it lays it all out right there. Because Malouly and Reinhart are an exception to the general rule about how we read a, under the categorical approach, how we read a non-code citation when we have a non-traditional offense. And they say, they recognize the general rule and the general rule with regard to the import of the phrase relating to, but they say when Congress has actually identified a defined crime, we're not going to apply that general rule. Here it's not a defined crime because the Supreme Court has made clear that the heading of a statute is not a definitional term. We don't have any place that Congress has said sexual exploitation of a child means. But where would you go to determine what the generic definition of sexual exploitation of children is? We would apply. Where would you go? The same principles this Court used in Sullivan and Cenarius and say what is the common sense ordinary meaning of exploitation. So you wouldn't look at all at 2251? I think it would be helpful, but of course the whole chapter involves sexual exploitation and it is not limited to production. And indeed 2251 itself is not limited to production. 2251d is an advertising offense. So I think the argument that it is, that sexual exploitation of children is limited to production offenses under the meaning of Chapter 110 simply falls apart on its own weight because of 2251d and the other provisions of Chapter 110. I also think it is, it doesn't make a lot of sense to think that Congress would have, you know, named a number of different Federal offenses as predicates for this multiple convictions enhancement that include more than production. So is there any limitation to relating to in this context? Yes. Where do you draw the, how do you draw the line? I hate to use that term, but, you know, how do you know when something falls on one side and another state crime falls on the other side? Well, I think Lopez, Solis and Sullivan and Cenarius are an example of this Court or examples of this Court drawing that line. It is a broad provision, but it is not a vague one because it has to involve exploitative, abusive or misuse of conduct and it has to be sexual. So, for example, I think Lopez, Solis deals with a situation in which the victim is 17, it's consensual, it's statutory rape and says that doesn't count as abuse. So it's definitely possible to draw lines using these ideas of misuse or exploitation and sexual and there's conduct that's on one side of it and conduct that isn't on the other. And, again, Malouly and Reinhart are an exception to the general rule. This Court applies when it's following the general categorical approach and has it relating to language. If the Court has no further questions, we ask that the judgment in the sentence be affirmed. Thank you. Your Honors, I'll keep it quite brief. I believe that the leading U.S. Supreme Court precedent on the case is not an exception. I think it's a deliberate statement by Justice Ginsburg and her colleagues to limit the reach of relating to. It specifically says that if you continue to use relating to the way it has been used, it has a reach that I think it says it stops nowhere. So Reinhart follows Malouly and I believe that this Court should also follow Malouly and not categorize either Malouly or Reinhart as an exception. Justice Ginsburg was able to go to a specific definitional section in 2256, right? Right. Yes. So sexual exploitation is not defined in 2256. Not as such, but I think that does not open it up. How do you respond to the government's argument that the chapter, the entire chapter is defined, is labeled sexual exploitation and other abuses of children? I can only respond by saying that if you view it the way the government wants to view it, you run us into a vagueness problem because it's difficult to distinguish their definition of sexual exploitation from sexual abuse or perhaps any other crimes, and it just becomes vague. Then we have that problem. I think this just gets us into opening the door so wide that we have no more distinctions between crimes. I think it's important to acknowledge the real-world fact that there is some tension between Malouly, Sullivan, Cinerius, Reinhart, Clark. This is not an easy road, and I think we're trying to navigate it as sensibly as possible. I would just continue to point to Malouly as the highest authority who's spoken on this topic. Unless your honors have any further questions, I will end. I have none. Judge Shack? Thank you. Thank you. Thank you, Farris. We appreciate the vigorous argument by counsel on both sides. The DeVore case shall be submitted. We'll go on to the next case on our docket, which I think is United States v. Hernandez.
judges: Gould, Paez, Jack